## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF NEW YORK

----------------------------------------------------------------X

DUPONT REALTY CORP,

                              Plaintiff,

- against -

EVONIK DEGUSSA CORPORATION, et al,

                                   Defendants.

----------------------------------------------------------------X

**MEMORANDUM AND ORDER**

09-CV-1896 (SLT) (JO)

**JAMES ORENSTEIN, Magistrate Judge:**

      Attorney Robert R. Tyson ("Tyson") is admitted to practice in New York but is not yet admitted to practice before this court. As a member of the bar of the State of New York, Tyson is currently eligible for such admission pursuant to Local Civil Rule 1.3(a). Defendant John Hassall, Inc. ("Hassall") has engaged Tyson to represent it in the instant matter, but despite being eligible for unrestricted admission, Tyson instead seeks to be admitted only *pro hac vice* pursuant to Local Civil Rule 1.3(c). For the reasons set forth below, I deny the motion without prejudice to renewal upon a showing that such admission is appropriate under the circumstances.

      Tyson practices law in Syracuse, New York, where he is an attorney with the law firm of Bond, Schoeneck & King, PLLC, the firm that has already entered an appearance as Hassall's counsel of record. Tyson has made successful applications for admission *pro hac vice* in at least three other cases in this district since January 2005. *See Chitayat v. Vanderbilt Associates, et al.*, docket number 03-CV-5314 (DRH) (MLO), Order dated January 28, 2005; *DMJ Associates, LLC v. Capasso, et al.*, docket number 97-CV-7285 (DLI) (RML), Order dated June 27, 2006; *Next Millennium Realty, LLC, et al. v. Adchem Corp., et al.*, docket number 03-CV-5985 (SJF) (MLO), Order dated June 18, 2008. It appears that Tyson regularly engages in the practice of law in this district. Yet by virtue of the fact that he seeks and obtains the right to appear *pro hac*

*vice* rather than taking the steps necessary to join the bar of this court, Tyson remains immune to much of the disciplinary oversight to which his colleagues are subjected. *See* Loc. Civ. R. 1.5(b)-(c) (differentiating between members of the bar of this court and others for purposes of defining the grounds for discipline and the types of discipline or other relief available).

This court routinely grants attorneys who practice elsewhere the courtesy of representing clients who find themselves involved in litigation in this court. But "[a]dmission *pro hac vice* is by definition, at most, admission for a single proceeding." *In re Rappaport*, 558 F.2d 87, 88 n.1 (2d Cir. 1977). It is a privilege rather than a right, *see Leis v. Flynt*, 439 U.S. 438, 441-42 (1979), and one that should not be abused. If Tyson intends to continue representing clients in this court, he can and should secure the admission to our bar for which he is apparently eligible. If, on the other hand, Tyson can demonstrate that his recent applications for admission *pro hac vice* represent an aberration in his normal practice, and that he does not anticipate making future similar applications on a routine basis, then I will of course grant him the same courtesy that is routinely afforded to out-of-state counsel in their occasional visits to this district.

Accordingly, for the reasons set forth above, I deny the application of attorney Robert R. Tyson to appear *pro hac vice* in this matter, without prejudice to renewal.

**SO ORDERED.**

Dated: Brooklyn, New York
      June 17, 2009

/s/ James Orenstein
JAMES ORENSTEIN
U.S. Magistrate Judge
